IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AKEM HOLDEN, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § |
| | § |
| SERCO INC., JOHN C. | § |
| TEDDERHAIMFIELD AND ACE | § |
| AMERICAN INSURANCE COMPANY | § |
| | § |
| *Defendants.* | |

CIVIL ACTION NO.

[Removed from the Civil District Court of
Orleans Parish, Louisiana]

**JURY DEMANDED**

## NOTICE OF REMOVAL

COMES NOW Defendant, John Tedder-Hairfield, by and through undersigned counsel,
and hereby removes the action, Docket No. 2020-08936 filed by Plaintiff, Akem Holden
("Plaintiff"), against Defendant in the Civil District Court of Orleans Parish, Louisiana, to the
United States District Court for the Eastern District of Louisiana, under 28 U.S.C. § 1332 for the
reasons explained below.

This Removal is being filed on the first day possible following the devastation of Hurricane
Ida. Defense counsel's offices are located in New Orleans, Louisiana. Hurricane Ida made landfall
on August 29, 2021 causing Defense counsel's offices to lose power and internet for multiple days
following the storm. Defense counsel was unable to access their office until September 7, 2021.
Accordingly, the date of the filing of this Removal, is the first possible day that this Removal could
have been filed following Hurricane Ida.

Further, Defense counsel was waiting on the State Court record prior to filing this Removal.
The Civil District Court of Orleans Parish issued a Notice of Closure on August 27, 2021, stating
that it would be closed on August 27, 2021 and August 30, 2021. On September 1, 2021, Civil
District Court of Orleans Parish issued a second Notice of Closure, extending the closure until

September 20, 2021. Accordingly, Defendant has been unable to obtain the State Court record and will file that with the court once received.

Lastly, in accordance with USDC-EDLA General Order 21-12 issued by Chief Judge Brown on Saturday, September 4, 2021, "All deadlines and delays, including prescriptive and preemptive periods, in cases pending or to be filed in this Court are hereby suspended for thirty (30) days commencing from August 26, 2021."

### FACTUAL AND LEGAL BASES FOR REMOVAL

1.      The basis for removal of this action are that the parties are diverse in their respective citizenships and the amount in controversy exceeds the $75,000 minimum amount for the Court to exercise its diversity jurisdiction.

2.      28 U.S.C. § 1441 provides that "any civil action, brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3.      28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."

4.      Venue for removal is proper in this District pursuant to 28 U.S.C. § 1446(a).

### TIMELINESS FOR REMOVAL

5.      28 U.S.C. § 1446(b) governs the timeliness of removal. It provides that removal be filed within thirty days after receipt of the initial pleadings, assuming the initial pleadings meet the "facially apparent" test, and if not, then within thirty days after receipt of some "other paper" from which it may first be ascertained that the case is or has become removable.

6.     The initial pleadings in this case did not make it "facially apparent" the case was removable for two separate and distinct reasons: (1) because of the inclusion of a Louisiana forum defendant (not normally removable pursuant to 28 U.S.C. §1441(b)(2)), which Louisiana forum defendant was listed as John C. TedderHaimfield; and (2) because Plaintiff failed to comply with Article 893 of the Louisiana Code of Civil Procedure in that he failed to plead whether damages were sufficient to establish federal diversity jurisdiction.

7.     On August 4, 2021, Plaintiff served, via Louisiana Long Arm Statute, the Citation and Petition for Damages on Mr. Tedder-Hairfield.[1]

8.     On August 9, 2021, Plaintiff filed an Affidavit of Service in the State Court record and provided undersigned counsel with a courtesy copy showing that "John Tedderhaimfield" was served with a copy of the Citation and Petition for Damages via Louisiana Long Arm Service on August 4, 2021 at the address, "315 Down home Ln, Savannah, TN 38372."[2]

9.     As stated above, this removal is being filed on the first possible day following Hurricane Ida's devastation to South-East Louisiana.

## DIVERSITY OF CITIZENSHIP

10.     Tedder-Hairfield will provide a complete copy of the State Court Record as a supplement to this Removal upon receipt.

11.     On October 19, 2020, Akem Holden ("Plaintiff") commenced the captioned action by filing a Petition for Damages ("Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana.  Plaintiff named as defendants in the Petition: (1) Serco Inc., (2) John C. Tedderhaimfield, and (3) ACE American Insurance Company".[3]

---

[1] Exhibit "A" Affidavit of Service.
[2] Exhibit "A" Affidavit of Service.
[3] Exhibit "A" Petition

12.    Plaintiff requested service on all defendants named in the Petition.[4]

13.    According to the State Court Record, Serco Inc. was served through its agent of service, on November 3, 2020.[5]

14.    According to State Court Record, ACE American Insurance Company was served through its agent of service, on November 3, 2020.[6]

15.    ACE American Insurance Company and Serco Inc. filed their Answer, Affirmative Defenses, Reconventional Demand and Jury Demand on January 26, 2021.[7]

16.    ACE American Insurance Company and Serco Inc. named as Defendants to their Reconventional Demand, Akeem Holden and Old American County Mutual Fire Insurance Company.[8]

17.    According to the State Court Record, Old American County Mutual Fire Insurance Company was served through its agent of service on January 28, 2021.[9]

18.    According to the State Court Record, Akeem Holden was served through his attorney of record on January 28, 2021.[10]

19.    Old American Indemnity Company and Akem Holden filed their Answer to the Reconventional Demand of ACE American Insurance Company on May 6, 2021.[11]

20.    The Petition establishes that at the time of the filing Plaintiff was a citizen of St. Tammany Parish, Louisiana.[12]

---

[4] Exhibit "A" – State Court Record (Will be Supplemented).
[5] Exhibit "A" – State Court Record (Will be Supplemented).
[6] Exhibit "A" – State Court Record (Will be Supplemented).
[7] Exhibit "A" Answer by ACE American Insurance Company and Serco Inc.
[8] Exhibit "A" Answer by ACE American Insurance Company and Serco Inc.
[9] Exhibit "A" – State Court Record (Will be Supplemented).
[10] Exhibit "A" – State Court Record (Will be Supplemented).
[11] Exhibit "A" Answer Old American Insurance Company and Akem Holden
[12] Exhibit "A" Petition, introductory paragraph

21.    At the time of filing of the Petition and now, Serco Inc., was and is a Virginia Corporation with its principal place of business in Virginia.

22.    At the time of filing of the Petition and now, ACE American Insurance Company, was and is a Pennsylvania insurance company with its principal place of business, Pennsylvania.

23.    At the time of filing of the Petition and now, Old American Insurance Company, was and is a Missouri Corporation with its principal place of business in Kansas City, Missouri.

24.    At the time of filing of the Petition and now John Tedder-Hairfield was a citizen of Tennessee.[13]

25.    "In this Circuit, '[t]he generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side.'" *Id.*; *citing Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984). "'[W]hen it relates to jurisdiction, it is [this Court's] duty to notice party alignment and apply proper realignment … and … such realignment is to be determined according to 'the principal purpose of the suit and the primary and controlling matter in dispute.'" *Griffin*, 621 F.3d at 388; *citing Lowe* at 1178.

26.    "In ascertaining the proper alignment of parties for jurisdiction purposes, courts have a 'duty' to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Griffin*, 621 F.3d at 388; *citing City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941).

27.    Clearly, Holden's true role in this litigation is that of a plaintiff/defendant in reconvention. Holden and Old American Insurance Company's interests are aligned in having Mr. Tedder-Hairfield with liability for the subject accident.

---

[13] Exhibit "B" Verification of John Tedder-Hairfield

28.     Complete diversity of citizenship existed between Plaintiff and all proper party-Defendants on the date of filing of this lawsuit and exists as of the date of this removal.

## THE CLAIMS PRESENTED

29.     In the Petition, Plaintiff alleges that on January 7, 2020, while driving on Interstate 10 east Twin Span in New Orleans, Plaintiff rear-ended a vehicle owned by Serco Inc. [14]

30.     Plaintiff alleges John Tedder-Hairfield was the operator of the vehicle owned by Serco Inc. and in the course and scope of his employment with Serco Inc. at the time of the accident on January 7, 2020.[15]

31.     Plaintiff alleges the accident on January 7, 2020 caused him severe and disabling injuries.[16]

32.     Plaintiff asserts claims against John Tedder-Hairfield for failing "to follow the necessary safety procedures and precautions, which caused the vehicle owned and operated by Akem Holden to strike the rear of the vehicle owned by Serco Inc." [17]

33.     In the Petition, Plaintiff alleges that as a result of the accident, Plaintiff sustained the following injuries: (1) past physical pain and suffering, (2) future physical pain and suffering, (3) past mental pain and suffering, (4) future mental pain and suffering, (5) rental expenses, (6) property damage, (7) loss of use and/or depreciation of vehicle, (8) permanent disability of the body, (9) loss of consortium, (10) loss of enjoyment of life, (11) and penalties and attorney's fees.[18]

34.     In violation of Article 893 of the Louisiana Code of Civil Procedure, Plaintiff's Petition does not indicate any monetary amount sought, nor does it indicate whether the Plaintiff

---

[14] Exhibit "A" Petition ¶ 3
[15] Exhibit "A" Petition
[16] Exhibit "A" Petition ¶ 5
[17] Exhibit "A" Petition ¶ 4
[18] Exhibit "A" Petition

seeks damages above or below the $75,000 amount in dispute required for federal court jurisdiction. The Petition does not otherwise present claims in which it is "facially apparent" that the claims are likely to exceed $75,000. In fact, Plaintiff does not even allege if his damages are above the threshold for a jury trial in the State of Louisiana of $50,000.

35.     The Reconventional Demand filed by ACE American Insurance Company alleges that John Tedder-Hairfield was lawfully stopped in the left lane of I-10 eastbound at mile marker 257.4 with emergency lights and arrow board activated while removing debris from the roadway on January 7, 2020. At the same time, Akeem Holden, rear-ended the rear of 2016 Ford F-250 owned by Serco Inc.[19]

36.     ACE American Insurance Company's Reconventional Demand alleges that the accident was investigated by Louisiana State Trooper, Vincent Cyprian, who issued citations to Akeem Holden for violations of La. R.S. 32:125 and La. R.S. 32:295.1. [20]

37.     ACE American Insurance Company's Reconventional Demand alleges Akeem Holden was negligent for (1) failing to maintain a proper lookout; (2) failing to see what he should have seen; (3) rear-ending an emergency vehicle; (4) failing to yield to an emergency vehicle; and, (5) failing to obey the rules of the road.[21]

38.     ACE American Insurance Company's Reconventional Demand alleges that ACE American Insurance Company paid to or on behalf of Serco Inc. at least $25,303.00 for the total loss to the 2016 Ford F250.[22]

39.     ACE American Insurance Company's Reconventional Demand alleges that Old American and Akeem Holden are indebted to ACE American Insurance Company for the

---

[19] Exhibit "A" Reconventional Demand
[20] Exhibit "A" Reconventional Demand
[21] Exhibit "A" Reconventional Demand
[22] Exhibit "A" Reconventional Demand

payments it made to and on behalf of its insured, Serco Inc., as a result of the accident on January 7, 2020 as well as any future benefits ACE American Insurance Company may pay to and/or on behalf of Serco Inc.[23]

## AMOUNT IN CONTROVERSY BURDEN OF PROOF

40.    Where the amount of damages is not stated with specificity, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

41.    "The removing party can satisfy this burden in two ways: (1) it must establish that it is 'facially apparent' from the complaint that the claims likely exceed $75,000, or (2) it must present 'summary judgment-type' evidence through the removal petition or accompanying affidavit, showing the amount in controversy is met." *Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, 2011 U.S. Dist. LEXIS 110182, *17 (W.D. La. Sept. 22, 2011) (citing *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); and, *Allen*, *supra*, 63 F.3d at 1335 (5th Cir. 1995)).

42.    Courts have held that Defendant's conclusory damage allegations are not sufficient to establish whether the requisite amount is present. See, *De Aguilar II*, 47 F.3d 1404, 1412 (5th Cir. 1995). Rather, the "summary-judgment" type evidence addressed in paragraph 35 above is required.

43.    It is not facially apparent from the Petition that the claims likely exceed $75,000, and thus, Defendant relies upon prong two of the requisite burden of proof.[24]

---

[23] Exhibit "A" Reconventional Demand

[24] *See Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014), quoting from *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. LA. Oct. 18, 2000) "When…the petition is vague regarding the types of injuries incurred and any future problems resulting from the

44.     Article 893(A)(1) of the Louisiana Civil Code of Procedure precludes a Plaintiff from stating a specific monetary amount of damages sought. Nonetheless, the article states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite is required."

45.     While Plaintiff did not, per Article 893(A)(1), expressly plead whether the amount of money damages sought exceeds or is less than the requisite amount, the deposition of Akeem Holden, supports that the requisite amount is present for removal.

## AMOUNT IN CONTROVERSY

46.     The x-rays performed at Ochsner Medical Center following the January 7, 2020 accident indicate that Plaintiff suffered, at a minimum: (1) displaced fracture of the left iliac bone and acetabulum; and (2) displaced fracture of the proximal ulna shaft w/anterior dislocation of the radial head.[25]

47.     Plaintiff has undergone an open reduction and internal fixation to repair the fracture of his left acetabulum and his left elbow.[26]

48.     Plaintiff has a hip replacement surgery scheduled for September of 2021.[27]

49.     As a result of the January 7, 2020 accident, Plaintiff has applied for disability with Social Security Administration due to his injuries.[28]

50.     Due to his injuries, Plaintiff was forced to utilize a wheelchair for five months following the January 7, 2020 accident.[29]

---

incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'"

[25] Exhibit "C" Plaintiff's Medical Records.
[26] Exhibit "C" Plaintiff's Medical Records.
[27] Exhibit "D" Deposition of Plaintiff, pg. 32 lns. 5-8.
[28] Exhibit "D" Deposition of Plaintiff, pg. 46, lns. 16-23.
[29] Exhibit "D" Deposition of Plaintiff, pg. 47, lns. 19-25.

51.     Upon information and belief, Plaintiff's providers have billed in excess of $700,000 for his medical treatment.

52.     Based upon the foregoing, the requisite $75,000 amount in controversy is met in this case.

53.     For these reasons, Defendant submits that the amount in controversy requirement is satisfied and that Plaintiff has the burden to demonstrate "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *See Also Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993).

54.     A copy of this Notice of Removal is being served upon (1) Plaintiff, Akeem Holden; (2) Defendant in Reconvention, Old American Indemnity Company, (3) Serco Inc.; and, (4) ACE American Insurance Company.

55.     A copy of the Notice to the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, which has been filed in that Court, is attached hereto as Exhibit "E".

56.     In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all Defendants properly joined and served" have consented in the removal of this action. Please see Exhibit F-1, and F-2 with signed Consents to Removal from Serco Inc. and ACE American Insurance Company.

57.     Defendant will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

58.     Defendant reserves and maintains its rights to assert any defenses and submit any motions in response to the Petition for Damages, including but not limited to those defenses and

motions specifically and enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any

other Rule and any other applicable law or rule.

**WHEREFORE**, Defendant, John Tedder-Hairfield hereby provides notice that this action

is duly removed.

Respectfully submitted,

*/s/ Michael B. Guerry*
Stanton E. Shuler, Jr. (T.A.)- #191512
E-mail: sshuler@leakeandersson.com
Michael B. Guerry - #37145
E-mail: mguerry@leakeandersson.com
**LEAKE & ANDERSSON, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Tel: 504/585-7500
Fax: 504/585-7775
**ATTORNEYS FOR DEFENDANT
JOHN TEDDER-HAIRFIELD**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served electronically via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class, postage prepaid, facsimile or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the following counsel of record on the 30th day of April, 2021:

Brian King - #24817
Jason F. Giles - #29211
Anthony J. Milazzo, III - #29631
John Love Norris, IV - #35269
2912 Canal Street
New Orleans, La. 70119
Telephone: (504) 909-5464

Jason M. Baer - #31609
Casey C. Dereus - #37096
Joshua A. Stein - #37885
3000 Kingman St., Suite 200
Metairie, La 70006
Telephone: (504) 372-0111

Kenneth W. Andrieu - #20675
Derek M. Tanner - #32714
William H. Justice - #16995
Christine E. Wells - #37353
Dana Graham Hall - #29720
2900 Westfork Dr., Suite 610
Baton Rouge, La. 70827
Telephone: (225) 421-2701

*/s/ Michael B. Guerry*

Michael B. Guerry #37145