**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AKEM HOLDEN** | * | |
| | * | |
| *Plaintiff,* | * | **CIVIL ACTION NO.: 21-cv-01661** |
| | * | |
| **v.** | * | **DISTRICT JUDGE: WENDY B.** |
| | * | **VITTER** |
| **SERCO INC., JOHN C.** | * | |
| **TEDDERHIMFIELD AND ACE** | * | **MAGISTRATE JUDGE: DONNA** |
| **AMERICAN INSURANCE COMPANY** | * | **PHILLPS CURRAULT** |
| | * | |
| *Defendants*. | * | **JURY DEMANDED** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**I. Introduction**

Once service has occurred, a defendant must file a notice of removal within 30 days of service.  Federal law allows service in a diversity case to mirror the law of the state.  Here, the case is pending in Louisiana, and pursuant to Louisiana law, Long-Arm Service is complete upon the mailing (not receipt) of Long-Arm Service.  In this case, Plaintiff perfected service on Mr. Tedder-Hairfield under the Louisiana Long Arm Statute on July 20, 2021, when service was mailed, which means that August 19, 2021 was the 30-day deadline for filing a Notice of Removal.  Yet, Notice of Removal was not filed until September 7, 2021.  The August 19, 2021 deadline was 10 days *before* Hurricane Ida made landfall in New Orleans and 7 days before the effective date of the Eastern District's General Order suspending deadlines.  The first question before this Court is whether the Eastern District's General Order suspending deadlines—which did not even take effect until a week after the removal deadline—applies for purposes of determining timeliness of removal in this case.

When a federal statute sets forth a mandatory deadline for a pleading, a federal district court cannot, through general order or even local rule, create a contradictory deadline.  Here,

according to the federal statute, Notice of Removal shall be filed within thirty days.   Yet, Mr. Tedder-Hairfield did not file for removal until after that deadline; he—a Tennessee (not a Louisiana) citizen by his own admission—blames the landfall of Hurricane Ida in Louisiana on his untimeliness.   Thus, the General Order contradicts the federal removal statute.   The second question before this Court is whether, especially by standing order rather than local rule, this Court can extend a mandatory deadline set by Congress.

## II. Facts

Mr. Holden filed his lawsuit in state court on October 19, 2020.   R. Doc. 1-1, pp. 3–5.   Two Defendants—Serco, Inc. and Ace American Insurance Company—were served and filed their responsive pleading in state court on January 26, 2021.   R. Doc. 1-1, pp. 6–13.

The civil sheriff was unable to serve Mr. Tedder-Hairfield, so, pursuant to Louisiana service law, Plaintiff filed a Motion to Appoint a Private Process Server on June 23, 2021.[1]   Then, on June 25, 2021, Plaintiff's counsel sent a letter to the state court explaining that Mr. Tedder-Hairfield was unable to be served via private process server and requesting that the court re-issue the citation via the Louisiana Long Arm Statute.[2]

On July 20, 2021, Plaintiffs perfected service on Mr. Tedder-Hairfield under the Louisiana Long Arm Statute.[3]   Hurricane Ida did not hit Louisiana until August 29, 2021.

Service was delivered on August 4, 2021.[4]   Plaintiff filed the Affidavit of Service on August 9, 2021.[5]

---

[1] Exhibit 1.
[2] Exhibit 2.
[3] Exhibit 3.
[4] Exhibit 3.
[5] Exhibit 3.

By Mr. Tedder-Hairfield's own admission, both at the time of the filing of the Petition and now, Mr. Tedder-Hairfield was and is a citizen of Tennessee.  R. Doc. 1, p. 5, ¶ 24.

Mr. Tedder-Hairfield filed a Notice of Removal on September 7, 2021.  R. Doc. 1.

## III. Law & Analysis

In a civil case, a defendant may remove the action to federal court if the federal court has original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).  If the basis of subject matter jurisdiction is diversity, the amount in controversy must exceeds the sum or value of $75,000 and the action must be "between citizens of different states."  28 U.S.C. § 1332(a)(1).  The removing party bears the burden of demonstrating that federal jurisdiction exists.  *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "**removal statute[s] should be strictly construed in favor of remand**."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (emphasis added).  Remand is appropriate if the Court lacks subject matter jurisdiction, and **any doubts regarding whether removal is proper should be resolved against federal jurisdiction**.  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).  "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "[T]he plaintiff's complaint must specifically allege each party's citizenship."  *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979).

**A. The deadline for removal was August 20, 2021—nine full days before Hurricane Ida hit New Orleans—so the removal was untimely.**

**1. Law: Service under federal law includes service under Louisiana's Long-Arm Statute in Louisiana cases.**

Federal and Louisiana state law allow an individual to be served by following Louisiana's Long-Arm Statute for service. Fed. R. C. P. 4(e)(1) (explaining service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."); La. Rev. Stat. 13:3204(A) (Louisiana's Long-Arm Statute). Louisiana's Long-Arm Statute explicitly permits service certified mail of the citation and petition. La. Rev. Stat. 13:3204(A)

**2. Law: Service under Louisiana's Long-Arm Statute is perfected based on the certified mailing—*not* the receipt of—the summons and complaint.**

Under the Louisiana Long–Arm Statute, when the plaintiff's counsel sends a copy of the citation and petition to the defendant by certified mail, that service has the same legal force and validity as personal service made on the defendant within the state. *McFarland v. Dippel,* 1999–0584, p. 5 (La. App. 1 Cir. 3/31/00); 756 So.2d 618, 622.; *Matt v. Culpepper*, No. CIV.A. 14-1464, 2014 WL 5816930, at *2 (E.D. La. Nov. 7, 2014). Under Louisiana Long-Arm law, service is determined by the mailing—not the receipt—of the citation and petition. *HTS, Inc. v. Seahawk Oil & Gas, Inc.,* 2004–892, p. 3 (La.App. 3 Cir. 12/8/04); 889 So.2d 442, 444–45 (holding that service was proper and personal jurisdiction established because defendant's non-receipt of the citation did not determine the issue of personal jurisdiction when the plaintiff's attorney had mailed certified copies of the citation and the petition by certified mail to the defendant and there was no indication that plaintiff's attorney had sent it to the wrong address); *Matt v. Culpepper*, No. CIV.A. 14-1464, 2014 WL 5816930, at *3 (E.D. La. Nov. 7, 2014); *James v. Progressive Specialty Ins. Co.*, No. CV 19-2288, 2019 WL 6728343, at *1 (E.D. La. Dec. 11, 2019) (certified mailing—not

4

receipt—is what matters for purposes of service under the Louisiana Long-Arm Statute and "there is no requirement for a signed return receipt or actual physical service").

### 3.  Law: The date of service can start the 30-day clock for removal.

The governing removal statute states: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, **through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C.A. § 1446(b) (West) (emphasis added).  The United States Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999).[6]

### 4.  Analysis: Here, Mr. Tedder-Hairfield did not file a Notice of Removal until September 7, 2021, even though the 30-day deadline to file the Notice of Removal was August 19, 2021—more than a week before Hurricane Ida made landfall.

Plaintiff perfected service on Mr. Tedder-Hairfield on July 20, 2021 via certified mail under the Louisiana Long-Arm Statute.  That means that the 30-day deadline for him to file his Notice of Removal was August 19, 2021—ten (10) days before Hurricane Ida made landfall and seven (7) days before the effective date of the Eastern District's General Order suspending deadlines.  Yet, Mr. Tedder-Hairfield did not file his Notice of Removal until September 7, 2021— well after the 30-day deadline.  Now, Mr. Tedder-Hairfield is blaming Hurricane Ida for his

---

[6] Although the narrow question at issue in *Murphy* was "whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run" or if the 30–day period could start earlier, on the named defendant's receipt, prior to formal service, the Supreme Court was unequivocal in its broader holding.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999).

untimeliness, despite the fact that his removal was untimely well before Hurricane Ida occurred. Hurricane Ida is a red herring because it did not impact the deadline at all. The start of the clock and the end of the clock both ran before Hurricane Ida. By the plain terms of the General Order, the deadline suspension only applies to deadlines that fall within the suspension period. For example, if a plaintiff's claim prescribed 10 days before a deadline extension under Louisiana law, the plaintiff could not then, post-hoc, seek to avail himself of the subsequent deadline extension. His argument would be moot, since his deadline expired *before* the start of the deadline extension and the circumstances that gave rise to the deadline extension. The same logic applies here. As such, this Court should remand this case as untimely.

### B. A General Order extending deadlines cannot contradict federal statute directly on point.

Congress allows Article III courts—like this Court—to prescribe rules, but only in certain, well-delineated conditions. When an Article III court promulgates rules of conduct, "[s]uch rules shall be consistent with Acts of Congress." 28 U.S.C.A. § 2071(a) (West). However, such rules are only allowed after a notice and comment period. 28 U.S.C.A. § 2071(b) (West). Crucially, "[n]o rule may be prescribed by a district court other than under this section. 28 U.S.C.A. § 2071(c) (West).

As explained above, notice of removal in a civil action "**shall be filed within 30 days**" 28 U.S.C.A. § 1446(b) (West) (emphasis added). Instead, the Eastern District of Louisiana issued a General Order suspending deadlines in response to Hurricane Ida:

> 1. All deadlines and delays, including prescriptive and peremptive periods, in cases pending or to be filed in this Court are hereby suspended for thirty (30) days commencing from August 26, 2021.
>
> 2. All criminal trials are excluded from the time requirements of the Speedy Trial Act, 18 U.S.C. § 3161, beginning on August 26, 2021 and continuing for thirty (30) days thereafter.

3. All grand jury proceedings in this district are suspended beginning on August 26, 2021 and continuing for thirty (30) days thereafter, subject to change upon motion from the government and further orders of the Court.

4. With regard to criminal matters, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of Hurricane Ida on the ability of counsel and Court staff to be safely present in the courtroom, the time period of the postponements implemented by this general order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the postponements outweigh the best interest of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

E.D. La. General Order 21-12.

Here, an Act of Congress proclaims that a defendant shall remove a case within thirty days. But here, Mr. Tedder-Hairfield did not comply with that deadline. He points to this Court's General Order—which, as explained above, is a red herring anyway—to urge this Court to allow his untimely removal. Yet, even if his case fell within the time period encompassed by the General Order, the General Order itself contradicts two federal statutes—the removal statute (28 U.S.C.A. § 1446(b)) and the court-rule-making-power statute (28 U.S.C.A. § 2071). While federal district courts are empowered to pass local rules addressing emergency situations—such as a local rule that automatically suspends deadlines when a federal disaster has been declared affecting the district—the ad hoc, General Order method is on shakier ground. Even an interim local rule addressing this situation could have come closer to following the spirit of the federal rule.

Even the Eastern District seems to acknowledge the primacy of federal statute. For example, in the context of the Speedy Trial Act in its General Order, the Eastern District looked to the statutory language—which creates an exception for the Act's deadlines when a judge bases the deadline extension on a finding that the ends of justice served by such extension outweigh the best interest of the public and defendant in a speedy trial. The Eastern District specifically made

such a finding in its General Order. However, there is no such exception under the removal statute. And the General Order is devoid of any attempts to make findings that would fit into such an exception. These reasons all further support remand.

**IV. Conclusion**

This Court should GRANT IN FULL Plaintiff's Motion to Remand for two reasons. First, Defendant's argument that Hurricane Ida justifies his delay is a red herring, since his removal deadline fell well before Hurricane Ida made landfall and also before the effective date of this Court's General Order. Second, this Court does not have the power to contradict Congressional mandate—as articulated in the removal statute and the court-rule-making-power statute—so, even if Defendants' blatantly untimely motion had fallen within the effective period, the General Order would not have saved him. For these reasons, this Court should REMAND this case to state court.

*SIGNATURE BLOCK ON FOLLOWING PAGE*

Respectfully submitted,

**BAER LAW, LLC**


BY: **/s/Jason M. Baer**
       **JASON M. BAER (#31609)**
       **CASEY C. DEREUS (#37096)**
       **JOSHUA A. STEIN (#37885)**
       3000 Kingman St., Suite 200
       Metairie, LA  70006
       Telephone: (504) 372-0111
       Facsimile: (504) 372-0151
       Email: jbaer@baerlawllc.com
              cdereus@baerlawllc.com
              jstein@baerlawllc.com

       AND

       **BRIAN KING (#324817)**
       **JASON GILES (#29211)**
       **ANTHONY MILAZZO, III (#29631)**
       **JOHN LOVE NORRIS, IV (#35269)**
       **THE KING FIRM, LLC**
       2912 Canal St.
       New Orleans, LA 70119
       Phone: (504) 909-5464
       Facsimile: (800) 901-6470


## CERTIFICATE OF SERVICE

      I certify that copy of the above and foregoing pleading has been served upon counsel for all parties via electronic mail, on this 6th day of October 2021.


/s/Jason M. Baer