IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AKEM HOLDEN, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 21-1661 |
| | § | |
| v. | § | SECTION: "D" (2) |
| | § | |
| SERCO INC., JOHN C. | § | **JURY DEMANDED** |
| TEDDERHAIMFIELD AND ACE | § | |
| AMERICAN INSURANCE COMPANY | § | |
| | § | |
| *Defendants.* | | |

## DEFENDANTS' OPPOSITION TO MOTION TO REMAND

Defendants, John C. Tedder-Hairfield (hereinafter "Hairfield"), Serco, Inc. ("Serco") and ACE American Insurance Company ("Chubb"), through undersigned counsel, submit this opposition to the Motion for Remand (Rec. Doc. 6) filed by Plaintiff, Akem Holden. Plaintiff claims that Hairfield's Removal (Rec. Doc. 1) was untimely because it was not made within 30-days of "service". More specifically, Plaintiff claims the 30-day time period to remove began to run the moment counsel for Plaintiff sealed an envelope addressed to Hairfield in Tennessee and placed same into the mail, regardless of when that mail was actually received by Hairfield in Tennessee. Plaintiff's argument seeks to shorten the 30-day notice or ***"receipt" requirement*** prescribed in the applicable provision, 28 U.S.C §1446(b). Plaintiff's argument has been repeatedly rejected by numerous courts, including courts in both the Eastern and Western Districts of Louisiana. Plaintiff has failed to disclose any of these dispositive decisions when submitting his Motion. Plaintiff was provided with the pertinent citations and law rejecting his argument, and offered an opportunity to withdraw his motion, but he rejected and/or ignored that offer.[1]

---

[1] Exhibit "A" – Email dated October 14, 2021.

Defendants initially address, what is beyond dispute and has been established by the parties in the record, and that is: (1) There is complete diversity of citizenship among the parties; (2) The amount in controversy exceeds more than the requisite $75,000; and (3) Hairfield *received* Plaintiff's Petition and Citation by certified return receipt mail on 8/4/21. These facts are established in the Removal and in the Affidavit of Service.

Because these facts are established, the only issues this Court needs to address are: (1) What event triggered the 30-day removal period; and (2) Did this Court have the authority to suspend filing deadlines through USDC-EDLA General Order 21-12 issued by Chief Judge Brown on Saturday, September 4, 2021, as a result of the devastation inflicted by Hurricane Ida? Defendants suggest the law, facts and equities all point in one direction on both questions – the 30-day removal period is triggered by *"receipt"* of the suit or service on the defendant, not by the mailing of service, and General Order 21-12 was a valid Order. As such, Plaintiff's Motion for Remand has no merit and should be denied.

I. **Hairfield's removal timeline did not begin until his actual receipt of Plaintiff's Petition and Citation on August 4, 2021.**

The applicable provision is 28 U.S.C §1446(b), which reads, in pertinent part:

> **(b) Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days *after the receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
>                 \*      \*      \*
>
> **(B)** Each defendant shall have 30 days *after receipt* by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(Emphasis Supplied)

On July 20, 2021, Plaintiff, through his counsel, sealed an envelope in Louisiana, addressed to Hairfield in Tennessee, and placed same into the steam of mail. As proven by the Affidavit of Service (Rec. Doc. 6-1), this mailing was delivered two weeks later, on August 4, 2021. As such, ***August 4, 2021 was the date of receipt of the Petition by Hairfield***, which date corresponds to the date the Petition was served on Hairfield. By all accounts, it appears the envelop was placed into the mail, and according to the day-by-day Tracking document attached to the Service Affidavit, it slowly made its way to various USPS Distribution and other facilities, and was ***actually delivered*** at 10:01 on August 4, 2021. There is no evidence or even mention of any attempts by Hairfield to refuse or to evade service of Plaintiff's Petition and Citation. It was mailed, it made its way and it was delivered in the normal course and sequencing of events

Louisiana requires that a defendant be served with the Petition and Citation by either personal or domiciliary service.[2] Personal service requires that the Petition and Citation be tendered to the hands of a Defendant.[3] Domiciliary service allows the Petition and Citation to be left at the Defendant's home, so long as it is left with a person who is of suitable age and who also lives at that home.[4]

Hairfield is a non-resident of the State of Louisiana. Accordingly, it was proper for Plaintiff to choose service under Louisiana's Long Arm Statute, La. R.S. 13:3204. Under this statute, Louisiana provides for service of a pleading to be "sent by counsel for plaintiff … to the defendant by registered or certified mail, or actually delivered to the defendant by commercial

---

[2] Louisiana Code of Civil Procedure article 1231.
[3] La. CCP art. 1232.
[4] La. CCP art. 1234.

courier… Service of process so made has the same legal force and validity as personal service on the defendant in this state."[5]

In analyzing the argument Plaintiff makes herein, that the "receipt" requirement of 28 U.S.C §1446(b) is met by mailing, rather than actual receipt on defendant as the provision mandates, this court need look no further than to the U.S Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448. In that case, the Court addressed the time within which a defendant named in a state-court action may remove the action to a federal court. The governing provision is 28 U.S.C. § 1446(b). The Court held:

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation ***unless notified*** of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

(Emphasis Supplied)

Plaintiff argues contrarily that the date of his mailing triggers the 30-day period, thereby shortening the 30-day receipt window for removal. This unsupported argument was rejected under the reasoning of *Murphy* by the Middle District in *Baxter v. Anderson*, 2016 WL 3748720, at *4 (M.D. La. June 21, 2016). In Baxter, the issue was whether removal required the consent of a defendant, whose Long Arm mailing was in transit at the time of removal by other defendants, but who did not actually receive it until 14 minutes after the filing of the removal. There, the plaintiff argued the removal was defective because defendant Anderson had been properly served by the mailing under the Long-arm statute, and he did not join in or consent to the removal by others. He

---

[5] La. R.S. 13:3204(A) and (C).

argued, just as Plaintiff herein argues, that "service" on defendant Anderson was perfected at the mailing under the Louisiana Long Arm statute, because under the "clear and unambiguous wording" of the statute, there is no requirement for a signed return receipt in order for service to be proper.  In opposing the remand motion, the removing defendants argued that because they filed the Notice Removal 14 minutes before a copy of the Petition and Citation were *actually delivered* to defendant Anderson by the USPS, his consent to removal was not needed. The *Baxter* court's ruling concluded:

> The general removal requirements of 28 U.S.C. § 1446 provide that the 30-day removal period beings to run after receipt by the defendant "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b)(1). The Supreme Court has interpreted Section 1446(b) to require a defendant to *receive* at the time of formal service (or after service of process if state law allows service of the summons without the initial pleading) a copy of the initial pleading before the 30-day period begins to run. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).
> ***Accordingly, district courts have held that even where state law governing service explicitly provides that service is complete upon mailing, the 30-day period does not begin to run until a defendant is in actual receipt of the initial pleading***. See, e.g., *DerMargosian v. Arpin Am. Moving Sys., LLC*, No. 12-4687, 2013 WL 787091, at *2 (N.D. Tex. Mar. 4, 2013) ("The Supreme Court has implicitly recognized that receipt means actual receipt, not an earlier date that qualifies as such based on the date of service" where "service by mail under state law is complete upon mailing."); *Freedom Steel, Inc. v. Senn Freight Lines, Inc.*, No. 09-2750, 2010 WL 395228, at *4 and n.1 (N.D. Ohio Jan. 26, 2010) (noting that while Ohio law provides that "[s]ervice by mail is complete upon mailing," the 30-day removal period pursuant to Section 1446(b) "does not being to run until the defendant is in actual receipt of the complaint via mail service."). Even if the Louisiana Long Arm Statute implicitly provides that service is perfected upon mailing, the Court agrees that in light of *Murphy Brothers*, the 30-day period to remove only beings to run where a defendant has been properly served and actually receives a copy of the initial state court pleading.[3]
> This conclusion is consistent with analogous rulings by this Court holding that a defendant must actually receive a copy of the initial pleading to trigger the 30-day period to remove an action where service is made on a statutory agent under state law. See, e.g., *First Choice Surgery Ctr. of Baton Rouge, LLC v. United Healthcare Servs., Inc.*, No. 12-0065, 2012 WL 3109483, at *3 (M.D. La. July 30, 2012) (notice of removal was timely filed based on defendant's actual receipt of initial petition from Louisiana Secretary of State); see also *Brown v. S.L. Netterville Logging, Inc.*,

No. 09-200, 2009 WL 1875755, at *3 (M.D. La. June 26, 2009) ("Several district courts in the Fifth Circuit have ... concluded that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent.").

Similarly, this conclusion is consistent with holdings concluding that a defendant cannot defeat service by certified mail pursuant to the Louisiana Long Arm Statute where the defendant refuses to accept service or the letter is otherwise marked as "unclaimed." *See*, *e.g.*, *Hamilton v. Alvarado-Cruz*, No. 08-653, 2009 WL 2175995, at *3 (M.D. La. July 21, 2009). In such a circumstance, the date the letter is marked "unclaimed" triggers the 30-day period for removal. *See Kroger Co. v. Door Control Servs., Inc.*, No. 12-0965, 2012 WL 4891560, at *4 (E.D. La. Oct. 15, 2012) (filing of notice of removal on April 20, 2012 was untimely where U.S. Postal Service designated certified letter as "unclaimed" on March 8, 2012).

Based on the foregoing, it follows that a defendant is not "properly joined and served" for the purposes of 28 U.S.C. § 1446(b)(2)(A), which governs whether a defendant must "join in or consent to the removal of an action" by a co-defendant, until it actually receives (or refuses to receive) formal process sent by registered or certified mail pursuant to the Louisiana Long Arm Statute. Here, the record indicates that Mr. Anderson did not receive the Citation and Petition until 14 minutes after the filing of the Notice of Removal. (R. Doc. 8-2; R. Doc. 4-7). Accordingly, at the time of removal, Mr. Anderson was not a "properly joined and served" defendant and did not have to "join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A).

(At *4-5).

As can be seen by the above, all three Federal District Courts in Louisiana follow the same reasoning to conclude the trigger-point for the 30 day period for removal is actual receipt, or when a defendant actively attempts to evade actual receipt.  See, *First Choice Surgery Ctr. of Baton Rouge, LLC* where the Middle District followed prior holdings, that there is a "***well established rule that the thirty day time period for removal does not begin until a defendant is actually supplied with a plaintiff's initial state court petition***."[6] (Emphasis supplied).  See the Eastern District decisions where it has continuously been held that the timeline for removal does not begin to run until actual service/receipt by a Defendant.[7]  The reasoning of these decisions is the same -

---

[6] *First Choice Surgery Ctr. of Baton Rouge, LLC v. United Healthcare Servs., Inc.*, No. 12-CV-0065, 2012 WL 3109483, at *3 (M.D. La. July 30, 2012).
[7] *See Champagne Beverage Co. v. Brown*, 1994 WL 180245 (E.D. La. May 4, 1994); *Valentine Sugars, Inc. v. Phillips Petroleum Co.*, 1990 WL 6023, (E.D. La. Jan. 19, 1990); *Mikelonis v. Frank Paxton Co.*, 1993 WL 541524, at *2

a defendant cannot be expected to act or even know to act unless and until he knows he has any obligation to act. That is why "receipt" (or knowledge and deliberate avoidance) is what triggers the 30-day removal period. Plaintiff has not supplied one supporting case for the novel position he takes. Rather, he makes vague citation references to case discussing proper service, not what triggers the removal period of 28 U.S.C §1446(b).

The cases cited by Plaintiff are all distinguishable from the facts in this case because those were based on actions by a defendant to actively evade and refuse service and receipt of suit. For example, in *McFarland v. Dippel*, the Louisiana First Circuit Court of Appeals, held that service on the seller by certified mail notifying the seller of a hearing was valid, despite seller's refusal to claim certified letter at post office. The seller was aware of the existence of the certified mail and refused to claim the mail.[8] In *Matt v. Culpepper*, the Eastern District of Louisiana held that a Defendant was properly served because the defendant had refused to claim a certified mailing of Plaintiff's Petition and Citation as a means to defeat service.[9] In *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, the Louisiana Third Circuit Court of Appeals found service to have been effective on the date of mailing when a Plaintiff sent the Petition and Citation to a Defendant's correct address via certified mail and the letter was left unclaimed.[10] In *James v. Progressive Specialty Insurance Company*, the Eastern District of Louisiana held that a Defendant was served when the facts showed (1) the Plaintiff sent a copy of the Petition and Citation to a named defendant/insured by certified mail; (2) The address the mailing was sent to was the address provided by the defendant/insured's co-defendant/insurer in discovery; (3) the certified mailing was returned as

---

(E.D. La. Dec. 22, 1993) (adopting the "receipt rule"); and, *Zatarain v. WDSU-TV, Inc.*, 1993 WL 98681, at *2 (E.D. La. Mar. 26, 1993).
[8] *McFarland v. Dippel*, 1999-0584 (La. App. 1 Cir. 3/31/00), 756 So. 2d 618, *writ denied*, 2000-1794 (La. 9/29/00), 770 So. 2d 349.
[9] *Matt v. Culpepper*, 2014 WL 5816930, (E.D. La. Nov. 7, 2014).
[10] *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 2004-892 (La. App. 3 Cir. 12/8/04), 889 So. 2d 442.

"insufficient address"; and (4) the insurer had informed the insured of the lawsuit. These case all deal with whether service was proper, not what event triggers the "receipt" requirement of 28 U.S.C §1446(b).

In any event, Hairfield did not refuse or attempt to evade service. He received a copy of Plaintiff's citation and petition on August 4, 2021 and promptly filed his Removal. As the facts which support findings of service in all four of Plaintiff's cited cases are factually distinguishable from the case herein, those cases should be disregarded for purposes of the issue argued by Plaintiff.

Therefore, pursuant to controlling and persuasive jurisprudence, the Defendant asks this Court to find the 30-day time period for Hairfield to remove this action corresponded to his August 4, 2021 receipt of suit as 28 U.S.C §1446(b) mandates.

## II. This Court has authority, under FRCP 6, to suspend deadlines

Hairfield's receipt on August 4, triggered the 30-day removal period for him to remove, and as such, he had until Friday September 3 to remove this action. Unfortunately, Hurricane Ida made landfall on August 29, 2021, five days prior to the end of Hairfield's removal period, shutting down the entire power grid, forcing closures of the courts and undersigned counsels' business premises, and eliminated internet functions and access to client files.

Effective August 26, 2021, this Court suspended all filing deadlines for a period of thirty days (from August 26 through September 27, 2021), by General Order. USDC-EDLA General Order 21-12 issued by Chief Judge Brown on Saturday, September 4, 2021 provided, "All deadlines and delays, including prescriptive and preemptive periods, in cases pending or to be filed in this Court are hereby suspended for thirty (30) days commencing from August 26, 2021."[11] By

---

[11] USDC-EDLA General Order No. 21-12 (2021).

implication, Judge Brown found that the clerk's office was inaccessible beginning on August 26, 2021 and continuing for thirty (30) days.  Hairfield filed his Removal on Monday, September 7, 2021, the very first day undersigned counsel had access to client files.  Plaintiff argues this Court does not have the inherent power to suspend legal deadlines under these circumstances, but he is woefully incorrect.  Such Orders have been issued with past hurricanes and applied in analogous situations, and the Federal Rules contemplate time extensions when the clerk's office in "inaccessible".

In *Brown v. City of New Orleans*, following both Hurricanes Katrina and Rita, Chief Judge Helen G. Berrigan signed an order suspending all deadlines and delays, including liberative prescription and peremptive periods in cases pending or to be filed in the Eastern District.  The Eastern District held that the suspensions of deadlines was applicable and Plaintiff's late-filed Petition in this case was thus timely. [12]

Similarly, on August 26, 2021, Governor of Louisiana, John Bel Edwards instituted a State of Emergency due to the impending Tropical Storm Ida.[13]  Following that initial Proclamation, on September 6, 2021, Governor Edwards signed an additional Executive Order, Proclamation 170 JBE 2021, which provided, "Legal deadlines applicable to legal proceedings in all courts, administrative agencies, and boards, are hereby suspended until September 24, 2021… Unless otherwise provided in this order, these provisions are effective from Thursday, August 26, 2021 to Friday, September 24, 2021".[14]  Governor Kathleen Babineaux Blanco had issued similar Executive Orders in regard to Hurricane Katrina in 2005.  The effect of those Executive Orders, was to suspend prescriptive periods between August 29, 2005 and November 25, 2005.

---

[12] *Brown v. City of New Orleans*, 2007 WL 2480984 (E.D. La. Aug. 30, 2007).
[13] Louisiana Proclamation No. 165 JBE 2021 (2021).
[14] Louisiana Proclamation No. 170 JBE 2021 (2021).

Rule 6 of the Federal Rules of Civil Procedure also accounts for late filings when the clerk's office is or becomes "inaccessible". In computing times for filing, those times are extended when the clerk's office is inaccessible. The filer must file on the first day following the inaccessibility. Specifically, FRCP 6(a)(3)(A) allows for an extension of time to file, if the clerk's office is inaccessible, until "the first accessible day that is not a Saturday, Sunday, or legal holiday".[15]

As discussed in Defendant's Removal, Defendant believes the removal was timely as it was filed on the first possible day following the devastation of Hurricane Ida. Defense counsel's offices are located in New Orleans, Louisiana, just down the street from this Court. Hurricane Ida made landfall on August 29, 2021 causing Defense counsel's offices to lose power and internet for multiple days following the storm. Defense counsel was unable to access their office until September 7, 2021, the same date the Removal was filed. This filing was well within the extension granted in General Order 21-12 issued by Chief Judge Brown.

Defendant asks this Court to apply its own General Order and to follow the prior case law from the Eastern District applying such orders as promulgated due to Natural Disasters that affect Louisiana.

Mr. Tedder-Hairfield filed his Removal on Monday, September 7, 2021. This slight delay was insignificant and caused no harm or detriment to Plaintiff. Plaintiff's Motion for Remand seeks a strained interpretation of the "receipt" requirement of 28 U.S.C §1446(b), seeks non-compliance with General Order 21-12 and seeks an inequitable resolution to the issues presented by Hurricane Ida.

**WHEREFORE**, Defendant, John Tedder-Hairfield hereby requests this court to DENY Plaintiff's Motion for Remand and find (1) that the timeline to file a removal does not begin to run

---

[15] FRCP 6(a)(3)(A)

until actual receipt or refusal of service by the Defendant; and (2) to apply its General Order 21-12 suspending all deadlines from August 26, 2021 for thirty (30) days.

Respectfully submitted,

*/s/ Michael B. Guerry*
Stanton E. Shuler, Jr. (T.A.)- #191512
E-mail:  sshuler@leakeandersson.com
Michael B. Guerry - #37145
E-mail: mguerry@leakeandersson.com
**LEAKE & ANDERSSON, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel:  504/585-7500
Fax:  504/585-7775
**ATTORNEYS FOR DEFENDANT
JOHN TEDDER-HAIRFIELD**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served electronically via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class, postage prepaid, facsimile or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the following counsel of record on the 15th day of October, 2021:

Brian King - #24817
Jason F. Giles - #29211
Anthony J. Milazzo, III - #29631
John Love Norris, IV - #35269
2912 Canal Street
New Orleans, La. 70119
Telephone: (504) 909-5464

Jason M. Baer - #31609
Casey C. Dereus - #37096
Joshua A. Stein - #37885
3000 Kingman St., Suite 200
Metairie, La 70006
Telephone: (504) 372-0111

Kenneth W. Andrieu - #20675
Derek M. Tanner - #32714
William H. Justice - #16995

Christine E. Wells - #37353  
Dana Graham Hall - #29720  
2900 Westfork Dr., Suite 610  
Baton Rouge, La. 70827  
Telephone: (225) 421-2701  

*/s/ Michael B. Guerry*
Michael B. Guerry #37145