## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**AKEM HOLDEN**                                            **CIVIL ACTION**

**VERSUS**                                                      **NO. 21-1661**

**SERCO INC., ET AL**                                    **SECTION D (2)**

### ORDER AND REASONS

Before the Court is Plaintiff Akem Holden's Motion to Remand.[1] Defendants John C. Tedder-Hairfield ("Hairfield"), Serco, Inc. ("Serco") and ACE American Insurance Company ("Chubb") have filed an Opposition.[2] Plaintiff has filed a Reply.[3] After careful consideration of the parties' briefs, the record, and the applicable law, the Court **DENIES** the Motion.

### I.      FACTUAL BACKGROUND

This action arises out of a vehicular accident that occurred on January 8, 2020 when Plaintiff, Akem Holden, rear-ended a parked 2016 Ford F250 truck owned by Defendant Serco.[4] The Serco truck was stopped in the left lane of I-10 eastbound on the "Twin Span" bridge, between New Orleans East and Slidell, in response to a 911 call regarding construction debris blocking the road-way in that lane, specifically, a construction ladder.[5] The driver of the Serco truck, Defendant John Tedder-Hairfield, purportedly turned on the vehicle's emergency lights as well as an amber sign board

---

[1] R. Doc. 6.
[2] R. Doc. 10.
[3] R. Doc. 14.
[4] R. Doc. 1-1.
[5] *Id.*

to alert other drivers to switch lanes and avoid the parked truck.[6] Plaintiff claims he was unable to avoid the Serco vehicle because its lights were not on. He rear-ended the truck at 69 miles per hour.[7]

Plaintiff filed this lawsuit in state court on October 19, 2020 naming three defendants: (1) Serco, Inc.; (2) Ace American Insurance Company; and (3) driver John Tedder-Hairfield.[8] He served two Defendants, Serco and Chubb,[9] who filed their responsive pleading in state court on January 26, 2021.[10] The civil sheriff was unable to serve Defendant Tedder-Hairfield, a non-resident. On June 25, 2021, Plaintiff's counsel sent a letter to the Clerk of Court explaining that Tedder-Hairfield was unable to be served via private process server and requested that the court re-issue the citation via the Louisiana Long Arm Statute.[11] According to an Affidavit filed by Plaintiff, Plaintiff effected service on Tedder-Hairfield under the Louisiana Long Arm Statute on July 20, 2021.[12] Service was delivered to Tedder-Hairfield on August 4, 2021.[13] Subsequently, Hurricane Ida reached Louisiana on August 29, 2021, prompting an Eastern District of Louisiana court order interrupting filing deadlines.[14] Tedder-Hairfield filed a Notice of Removal on September 7, 2021 and the case was removed to federal court.[15]

---

[6] *Id.*

[7] *Id.*

[8] *Id.* Defendant Tedder-Hairfield was erroneously identified as Tedder-Haimfield in the state court pleadings.

[9] *Id.*

[10] *Id.*

[11] R. Doc. 6-5.

[12] R. Doc. 6-6.

[13] *Id.*

[14] USDC-EDLA General Order No. 21-12 (2021).

[15] R. Doc. 1.

Plaintiff has filed a Motion to Remand.[16] Plaintiff argues that Defendant. Tedder-Hairfield's removal was improper because he failed to file his Notice of Removal within the thirty-day time limit mandated by 28 U.S.C. § 1446(b)(3).[17] Plaintiff asserts that Tedder-Hairfield was served on July 20, 2021 upon mailing of the citation and complaint, and thus the thirty day time limit to file a Notice of Removal expired on August 19, 2021.[18] Plaintiff notes that Tedder-Hairfield did not file his Notice of Removal until September 7, 2021.[19] Plaintiff also argues that this Court's General Order 21-12 improperly suspended and extended all filing deadlines following Hurricane Ida.[20]

Defendants have filed a joint Response.[21] Defendants argue that service is not effected upon the mere mailing of the citation and complaint to a party, but rather when the citation and complaint are actually received by the party.[22] Accordingly, Defendants argue that the thirty-day time limit to remove the case did not start until Defendant Tedder-Hairfield received a copy of the citation and complaint, which occurred on August 4, 2021.[23] Defendants further contend that this Court's General Order 21-12 properly suspended and extended all filing deadlines in the wake of Hurricane Ida for thirty days beginning on August 26, 2021.[24] Thus, defendants

---

[16] R. Doc. 6.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] R. Doc. 10.
[22] *Id.*
[23] *Id.*
[24] *Id.*

assert that Tedder-Hairfield's Notice of Removal was timely filed on September 7, 2021.[25]

Plaintiff has filed a Reply.[26] Plaintiff initially disputes defendants' reading of controlling Supreme Court jurisprudence, *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, regarding when service is effected.[27] Further, Plaintiff asserts that removal was untimely because General Order 21-12 was inapplicable because the Eastern District of Louisiana's clerk's office was not inaccessible as required by Federal Rule of Civil Procedure 6(a).[28] Plaintiff further argues that the Eastern District of Louisiana lacks the authority to promulgate a General Order that contradicts a filing deadline established by federal law.[29]

## II.   LEGAL STANDARD

### A.   Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[30] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[31] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served

---

[25] *Id.*
[26] R. Doc. 14.
[27] *Id.*; *see Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).
[28] *Id.*
[29] *Id.*
[30] 28 U.S.C. § 1441(a).
[31] 28 U.S.C. § 1332(a)-(a)(1).

must join in or consent to the removal of the action to federal court."[32] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[33] The removing party has the burden of proving federal diversity jurisdiction.[34] Remand is proper if at any time the court lacks subject matter jurisdiction.[35]

### B. Timeliness of Removal

"A notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"[36]  However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[37]

### III.   ANALYSIS

Plaintiff and Defendants agree there is complete diversity and that the amount in controversy exceeds the sum of $75,000.[38] Therefore, the Court limits its analysis to whether Defendant Tedder-Hairfield's Notice of Removal was timely filed.

---

[32] 28 U.S.C. § 1446(b)(2)(A).
[33] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[34] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[35] *See* 28 U.S.C. § 1447(c).
[36] 28 U.S.C. § 1446(b)(1).
[37] 28 U.S.C. § 1446(b)(3).
[38] Plaintiff is a Louisiana resident. Defendant Serco is a Virginia corporation with its principal place of business in Virginia. Defendant Chubb is a Pennsylvania company with its principal place of

## A.  Service under the Louisiana Long Arm Statute

The Federal Rules of Civil Procedure provide that individuals within a judicial district of the United States may be served process by delivery pursuant to the state law where the district court sits.[39] The Louisiana Long–Arm Statute provides that a certified copy of the citation and complaint "shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state."[40]

"Under the clear wording of [the Louisiana Long–Arm Statute], all that is necessary to constitute service upon a non-resident ... is that counsel for plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered certified mail ... There is ... no requirement for a signed return receipt."[41] "[W]hen the plaintiff's counsel sends a copy of the citation and petition to the defendant by registered mail, such service has the same legal force and validity as person service made on the defendant within the state."[42]

In the present case, Plaintiff and Defendant dispute when precisely service was effected. Plaintiff argues that service was effected as soon as the certified copy of

---

business in Pennsylvania. Defendant Tedder-Hairfield is a Tennessee resident. Old American County Mutual Fire Insurance Company, named as a Defendant by Serco and Chubb in their Reconventional Demand, is a Missouri corporation with its principal place of business in Missouri.

[39] Fed. R. Civ. Proc. 4(e)(1).

[40] La.Rev.Stat. § 13:3204(A).

[41] *Thomas Organ Co v. Universal Music Co.*, 261 So.2d 323, 327 (La.Ct.App.1972).

[42] *McFarland v. Dippel*, 1999–0584, p. 5 (La.App. 1 Cir. 3/31/00); 756 So.2d 618, 622.

the citation and complaint were mailed to the Defendant.[43] Conversely, Defendant argues that service was not effected until the Defendant received a copy of the certified citation and complaint in the mail.[44]

Here, Louisiana law clearly states that service is effected upon the mailing of a certified copy of the citation and complaint to the defendant. In *Matt v. Culpepper*, this Court held that the plaintiff effected service on the defendant under the Louisiana Long–Arm statute when the plaintiff sent a certified copy of the citation and complaint via certified mail to the defendant's address.[45] The court explained that "the long-arm statute does not require proof of receipt by signature when service is made via certified or registered USPS mail and there is no doubt as to the correctness of the address."[46] Similarly, in *James v. Progressive Specialty Ins. Co.*, this Court held that "to satisfy the Louisiana long-arm statute, plaintiffs need only send a certified copy of the summons and complaint to a non-resident defendant by registered or certified mail; there is no requirement for a signed return receipt or actual physical service."[47]

Louisiana state courts have likewise followed suit. "[A]ll that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the

[43] R. Doc. 6.
[44] R. Doc. 10.
[45] No. 14-1464, 2014 WL 5816930, at *2–3 (E.D. La. Nov. 7, 2014).
[46] *Id.*
[47] No. 19-2288, 2019 WL 6728343, at *1 (E.D.LA. Dec. 11, 2019) (citing *Major v. Patriot Disaster Servs. LLC*, 2017 WL 457656, at *3-4 (M.D. La. Feb. 2, 2017)) (holding that plaintiffs' certified mailing of process to address for defendant provided by defense counsel fulfilled the requirements of Louisiana's long-arm statute).

defendant by registered or certified mail, or actually deliver it in person."[48] In another case, a Louisiana court found that the plaintiff's attorney had mailed certified copies of the citation and the complaint by certified mail to the defendant and there was no indication that plaintiff's attorney had sent it to the wrong address.[49] The court thus held service was proper and personal jurisdiction was established because defendant's non-receipt of the citation did not determine the issue of personal jurisdiction.[50]

Accordingly, in keeping with the law of this district as well as Louisiana, service was effected on Defendant as soon as Plaintiff mailed a certified copy of the citation and complaint by certified mail to the Defendant. Here, service occurred on July 20, 2021 when Plaintiff mailed a certified copy of the citation and complaint by certified mail to Defendant Tedder-Hairfield.[51]

### B. Timeliness of Removal

Having determined the date of service, the Court must next evaluate when the time to file a Notice of Removal begins to accrue.

28 U.S.C. § 1446(b)(1) states that the Notice of Removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through

---

[48] *McFarland v. Dippel*, 756 So. 2d 618, 622 (La. App. 1st Cir. 2000).
[49] *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 2004–892, p. 3 (La.App. 3 Cir. 12/8/04); 889 So.2d 442, 444–45.
[50] *Id.*
[51] R. Doc. 6.

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.[52]

Both Plaintiff and Defendant rely on the U.S. Supreme Court's decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.* to establish the date when the removal deadline begins. Defendant relies on *Murphy Brothers* for the proposition that the defendant must receive a copy of the petition and summons before the thirty-day time limit to remove a case under 28 U.S.C. § 1446(b) begins and that mere service of the petition by mail is inadequate to start that time limit.[53]

Plaintiff disagrees with Defendant's reading of *Murphy Brothers* and states that simultaneous service of the summons or complaint can start the removal deadline.[54] Plaintiff argues that in *Murphy Brothers*, the Supreme Court explained that the date of service starts the deadline to remove, in this case when the Plaintiff mailed a certified copy of the petition and summons by certified mail to the Defendant.[55]

The Court is persuaded that the Defendant's reading of *Murphy Brothers* is proper. The Court in *Murphy Brothers* emphasized access to the complaint, whether through receipt of service or other means (such as if the complaint has been filed into the record) and its importance in providing defendants "adequate time to decide whether to remove an action to federal court."[56] The Court explained that Congress

---

[52] 28 U.S.C. § 1446(b)(1).
[53] R. Doc. 10 (citing 526 U.S. 344, 347-48 (1999)).
[54] R. Doc. 6.
[55] R. Doc. 14.
[56] 526 U.S. 344 at 354.

enacted the current version of 28 U.S.C. § 1446(b) "to ensure that the defendant would have access to the complaint before commencement of the removal period."[57]

In keeping with this ruling, courts apply the "receipt rule" to determine when the time requirement to file a Notice of Removal begins. The "receipt rule" states that the thirty-day period for removing a state court action begins to run when the defendant actually receives the plaintiff's petition, rather than on the date when the agent of service is served.[58] Other district courts in Louisiana have issued similar rulings in keeping with the "receipt rule." Courts in the Middle and Western Districts of Louisiana have held that a defendant must actually receive a copy of the initial pleading to trigger the 30-day period to remove an action where service is made on a statutory agent under state law.[59]

Here, Defendant Tedder-Hairfield did not receive a copy of the citation and the complaint until August 4, 2021.[60] Accordingly, under the "receipt rule," the thirty-day time period for Tedder-Hairfield to file a Notice of Removal began on that same

---

[57] *Id.* at 351-52.

[58] *Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group, Inc.*, 166 F. Supp. 2d 511 (E.D. La. 2001) (finding that the thirty-day period for removing a state court action began to run when insurer actually received plaintiffs' petition, rather than on date on which state's secretary of state, as insurer's statutory agent, was served); *see also McKnight v. Illinois Cent. R.R.*, 967 F. Supp. 182 (E.D. La. 1997) (stating that the thirty-day period for removing cases to federal court begins when defendant receives copy of initial pleading through any means, not just service of process).

[59] *See, e.g., First Choice Surgery Ctr. of Baton Rouge, LLC v. United Healthcare Servs., Inc.*, No. 12-0065, 2012 WL 3109483, at *3 (M.D. La. July 30, 2012) (notice of removal was timely filed based on defendant's actual receipt of initial petition from Louisiana Secretary of State); *see also Brown v. S.L. Netterville Logging, Inc.*, No. 09-200, 2009 WL 1875755, at *3 (M.D. La. June 26, 2009) ("Several district courts in the Fifth Circuit have . . . concluded that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent."); *see also Manuel v. Unum Life Ins. Co. of Am.*, 932 F.Supp. 784 (W.D. La.1996) (holding that the "thirty day period in which defendant can remove commences on defendant's actual receipt of a copy of the pleading").

[60] *See* R. Doc. 10.

day. Thus, the Notice of Removal was required to be filed by September 3, 2021. Defendant's Notice of Removal was filed on September 7, 2021.

### C. General Order 21-12

Hurricane Ida made landfall in Louisiana on August 29, 2021. On September 4, 2021, Chief Judge Nannette Brown issued General Order 21-12, suspending all deadlines and delays, including prescriptive and peremptive periods, for a period of thirty days commencing from August 26, 2021.[61]

Relying on a footnote in a factually dissimilar case which states that "[n]either state nor federal courts can extend the statutory period of time within which cases may be removed to federal court,"[62] Plaintiff argues that the district court lacks the authority to suspend or delay filing deadlines created in accordance with federal law, in this case 28 U.S.C. § 1446(b).[63] Plaintiff further claims that the Eastern District of Louisiana clerk's office was accessible at all times and that counsel for Defendant was capable of filing its Notice of Removal remotely or from its Lafayette office.[64]

Defendant counters that Federal Rule of Civil Procedure 6 authorizes federal courts to suspend deadlines when the clerk's office is inaccessible, as was the case following Hurricane Ida as well as during past hurricanes, including Hurricane Katrina and Hurricane Rita.[65] Defendant notes that its office, located in downtown

---

[61] USDC-EDLA General Order No. 21-12 (2021).
[62] *Wawrzycki v. Bales*, No. 19-12278, 2019 WL 4894557 (E.D. La. October 4, 2019).
[63] R. Doc. 6.
[64] R. Doc. 14.
[65] R. Doc. 10.

New Orleans, was closed in the wake of Hurricane Ida and that it filed its Notice of Removal on the first possible day following the hurricane.[66]

Federal Rule of Civil Procedure 6(a)(3)(A) allows for an extension of time to file, if the clerk's office is inaccessible, until "the first accessible day that is not a Saturday, Sunday, or legal holiday."[67] The filer must file on the first day following the inaccessibility.[68] Effective August 26, 2021, this Court suspended all filing deadlines for a period of thirty days (from August 26 through September 27, 2021) by General Order 21-12 issued by Chief Judge Brown.[69] That Order provided, "All deadlines and delays, including prescriptive and preemptive periods, in cases pending or to be filed in this Court are hereby suspended for thirty (30) days commencing from August 26, 2021."[70] The Order included that "the Court finds that the federal courthouse and the office of the Clerk of Court, were/are not meaningfully accessible within the meaning of Federal Rule of Civil Procedure 6(a) and Federal Rule of Appellate Procedure 26(a) for the period of time beginning on August 26, 2021 and continuing for thirty (30) days thereafter."[71]

This Court has previously upheld General Order 21-12. In *Pursley v. Lawrence*, this Court cited General Order 21-12 and determined that it suspended a defendant's one year time limit to file a Notice of Removal based on diversity under 28 U.S.C. §

---

[66] *Id.*
[67] Fed. R. Civ. P. 6(a)(3)(A).
[68] *Id.*
[69] USDC-EDLA General Order No. 21-12 (2021).
[70] *Id.*
[71] *Id.*

1446(c)(1).[72] The district court in *Pursley* relied on the "near-identical language in a general order issued . . . in the wake of Hurricane Katrina."[73] In *Brown v. City of New Orleans*, following both Hurricanes Katrina and Rita, the court considered an order issued by Chief Judge Helen G. Berrigan which suspended all deadlines and delays, including liberative prescription and peremptive periods in cases pending or to be filed in the Eastern District of Louisiana.[74] The Court held that Judge Berrigan's order suspending deadlines was applicable and Plaintiff's late-filed petition was thus timely.[75]

Similar court closures and suspensions of filing deadlines were also enacted in Louisiana state courts. On August 26, 2021, the Governor of Louisiana instituted a State of Emergency due to the impending Hurricane Ida.[76] Following that initial Proclamation, on September 6, 2021, Governor Edwards signed an additional Executive Order, Proclamation 170 JBE 2021, which provided, "Legal deadlines applicable to legal proceedings in all courts, administrative agencies, and boards, are hereby suspended until September 24, 2021… Unless otherwise provided in this order, these provisions are effective from Thursday, August 26, 2021 to Friday, September 24, 2021."[77]

---

[72] No. 21-1776, 2021 WL 5231871 at *4 (E.D. La. Nov. 10, 2021).
[73] *Id.*
[74] No. 16-17080, 2007 WL 2480984 (E.D. La. Aug. 30, 2007).
[75] *Id.*
[76] Louisiana Proclamation No. 165 JBE 2021 (2021).
[77] Louisiana Proclamation No. 170 JBE 2021 (2021).

The Federal Rules contemplate time extensions when the clerk's office is "inaccessible."[78] General Order 21-12 specifically stated that the federal courthouse and the office of the Clerk of Court were not meaningfully accessible within the meaning of Federal Rule of Civil Procedure 6(a).[79] Thus, this Court properly invoked its authority under Federal Rule of Civil Procedure 6(a) and suspended and extended all filing deadlines. Plaintiff's argument to the contrary is unavailing.

Accordingly, Defendant Tedder-Hairfield's deadline to file his Notice of Removal was extended from September 3, 2021 to September 27, 2021. Defendant Tedder-Hairfield filed his Notice of Removal on September 7, 2021, within this extended period.[80] Defendant's Notice of Removal was timely filed.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana, January 11, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[78] *See* Fed. R. Civ. P. 6(a).
[79] *Id.*
[80] *See* R. Doc. 10.