IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AKEM HOLDEN, | § | |
| | § | CIVIL ACTION NO. 21-cv-01661 |
| *Plaintiff,* | § | |
| | § | SECTION: "D" (2) |
| v. | § | |
| | § | DISTRICT JUDGE: WENDY B. |
| SERCO INC., JOHN C. | § | VITTER |
| TEDDERHAIMFIELD AND ACE | § | |
| AMERICAN INSURANCE COMPANY | § | MAGISTRATE JUDGE:  DONNA |
| | § | PHILLIPS CURRAULT |
| *Defendants.* | | |
| | | JURY DEMANDED |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE NON-DISCLOSED EXPERT TESTIMONY**

Serco, Inc., ACE American Insurance Company now known as Chubb Insurance and

John Tedder-Hairfield (collectively "defendants") submit the following Memorandum in

Support of Motion in Limine to Exclude Non-Disclosed Expert Testimony and respectfully

request that the motion be granted for the reasons set forth herein.

**Overview and Introduction**

Akeem Holden ("plaintiff") has provided his medical records and certain Rule

26(a)(2)(C) disclosures.  However, in regard to his treating medical providers, those disclosures

contain no information of substance beyond the statements contained in the medical records.

Accordingly, plaintiff's treating physicians should not be allowed to offer any evidence or

testimony beyond the factual information contained in their records.  More specifically, any

treating physician expert opinion testimony as to plaintiff's prognosis or future treatment should

be precluded because such expert opinions were never disclosed to defendants.  In fact, at the

time of this filing defendants still do not know whatever opinions these physicians hold as to

plaintiff's future treatment or prognosis beyond a few limited statements by Dr. Christopher Sugalski in his medical records.  Defendants simply have not been provided the required FRCP 26(a)(2)(C) summary of the facts and opinions these physicians hold in this regard.

**<u>Relevant Facts</u>**

The Scheduling Order[1] issued in this matter provides that written reports of experts for plaintiff who will provide expert testimony pursuant to FRCP 26(a)(2)(B)[2] must be disclosed by February 23, 2022.  The Scheduling Order notes that this deadline also applies to expert disclosures pursuant to FRCP 26(a)(2)(C).[3]   FRCP (26)(a)(2)(C) pertains to witnesses who do not provide a written report, but who must provide disclosures stating:

    (i)      The subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

    (ii)    A summary of the facts and opinions to which the witness is expected to testify.

Plaintiff submitted his FRCP 26(a)(2)(C) Disclosures on February 23, 2022.[4]   The disclosures as to his treating medical providers were nothing more than a general restatement of the information contained in plaintiff's medical records regarding matters such as treatment received, the physicians' observations and the like.   <u>Notably, these disclosures contain no mention of the physicians' substantive opinions regarding plaintiff's prognosis, or any future treatment plaintiff may require</u>.

In fact, plaintiff identified 16 different medical providers as expert witnesses, but in the same exact fashion.  The specific disclosure for each was as follows:

    1.    [insert medical doctor] will be offered as both a lay witness and an expert within his field of medical specialty, [insert medical specialty].  The subject

---

[1] Rec Doc 18
[2] Experts who must provide a written report.
[3] Experts who are not required to provide a written report.
[4] See plaintiff's written disclosures attached as Exhibit "A."  The reports from the testifying non-medical experts are not relevant to this motion and are not attached here.

matter on which the witness is expected to present evidence is his medical diagnosis and medical treatment of plaintiff. The facts and opinions to which the witness is expected to testify, are as follows: the signs and symptoms identified in his medical treatment of Plaintiff, are caused by, and made symptomatic by, the accident sued upon. All diagnoses of physical findings consistent with injury, were caused by the injuries suffered in the accident sued upon. All medical treatment and recommendations made by this witness were necessitated by injuries suffered in the accident sued upon. This will include the complaints and signs and symptoms of injury. The testimony and opinions will be based upon his training and experience as a physician as well as his in-person examination and treatment of plaintiff. Finally, he will testify as to all topics contained in his medical records;

**Law and Argument**

FRCP 26(a)(2) governs the disclosure of expert testimony. Treating physicians fall within a subcategory of witnesses who need not provide a written report, but who are required to provide certain disclosures. Specifically, FRCP 26(a)(2)(C) provides as follows:

*Witnesses who do not provide a written report*

Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

    (i)     The subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

    (ii)    A summary of the facts and opinions to which the witness is expected to testify.

Judges in the Eastern District of Louisiana have addressed this issue and concluded that treating physicians must make a timely disclosure of any testimony or evidence they intend to provide at trial which is not contained in their medical records, along with a summary of the facts and opinions allegedly supporting same. Plaintiff has completely failed to do so here.

In *Warren v. Mallory,*[5] Judge Lemelle held that treating physicians must make the required disclosures pursuant to FRCP 26(a)(2)(C). He aptly noted that "the 2010 Advisory

---

[5] 2020 WL 4260448 (E.D.La. 2020).

Committee Notes specifically address treating physicians and have led courts to the conclusion that any testimony not contained in medical records is more aptly considered expert testimony and subject to disclosure under Rule 26(a)(2)(C)."[6]

In *Rea v. Wisconsin Coach Lines, Inc.,*[7] Judge Duval addressed FRCP 26(a)(2)(C) and its proper application.  In that case the treating neurosurgeon initially provided equivocal testimony regarding plaintiff's need for future surgery and then subsequently executed an affidavit merely stating that plaintiff would need two future discectomy surgeries.  The affidavit did not contain a summary of the facts and opinions supporting the surgery recommendation and thus Judge Duval held that the affidavit did not comply with the disclosure requirements of FRCP 26(a)(2)(C).[8] Judge Duval noted that while the neurosurgeon's surgery recommendations were "clear, it is unclear what facts or data support that opinion or conclusion, an element required by Rule 702 of the Federal Rules of Evidence or Rule 26(a)(2)(C)."[9]  He further noted that an appropriate "summary" disclosure "should at the very least contain an 'abstract, abridgement or compendium' of the opinion *and* facts supporting the opinion."[10]  "Ultimately, this failure to disclose the facts that support [the neurosurgeon's] opinion is not sufficient for purposes of Rule 26(a)(2)(C)."[11]  Moreover, Judge Duval found that the affidavit "fails to provide even the most general information about the facts supporting [the neurosurgeon's] opinion thus failing to meet the requirement of the limited amount of information required by Rule26(a)(2)(C)."[12]  The neurosurgeon was accordingly prohibited from offering any opinions as to the need for future surgery.

---

[6] *Id.* at 3.
[7] 2014 WL 4981803 (E.D.La. 2014).
[8] *Id.* at 5.
[9] *Id.*
[10] *Id.* (emphasis in original)
[11] *Id.*
[12] *Id.*

Judge Barbier relied on the *Rea v. Wisconsin Coach Lines, Inc.* case in issuing his decision in *Hooks v. Nationwide Housing Systems, LLC.*  In *Hooks,* the issue for Judge Barbier was the scope of the allowable testimony from two of plaintiff's treating medical providers, Dr. Zarengues and Dr. Shaw.  No expert report or factual summary was produced by plaintiff in regard to either doctor.[13]  After noting the "plaintiffs have provided no information as to what Dr. Zarengues and Dr. Shaw intend to testify other than 'about facts, data and symptoms they observed in their patients during treatment,'" Judge Barbier ruled that "plaintiffs are prohibited from using information from either Dr. Zarengues or Dr. Shaw 'to supply evidence on a motion, at a hearing or at a trial.'"[14]

Other federal courts in Louisiana have reached the same conclusions.  Consider *Logan v. Westfield Insurance Company,*[15] a decision from the Western District of Louisiana.  The court in *Logan* noted that "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)" and that the required "summary disclosure should at the very least [be] an abstract, abridgement, or compendium of the opinions and facts supporting the opinion."[16]  The court went on to state:

> Put another way, Rule 26(a)(2)(C) does not require a comprehensive disclosure, but 'it does require disclosure in at least *some* form.'[17]

The issue in *Logan* was whether plaintiff's disclosure in her Expert Witness List, to the effect that the treating physicians would testify as to "medical causation", satisfied the disclosure requirements of FRCP 26(a)(2)(C).[18]  The court held that this disclosure "falls woefully short because it provides absolutely no detail about the causation opinions the treating physicians will

---

[13] *Id.* at 5
[14] *Id.* at 4
[15] 2020 WL 412216 (W.D.La. 2020)
[16] *Id.* at p. 7.
[17] *Id.* at p. 7 citing *Causey v. State Farm Mut. Auto. Ins. Co.,* 2018 WL 2234749 at *2 (E.D.La. 2017).
[18] *Id.* at p. 7.

provide nor does it summarize any facts upon which the treating physician will testify."[19]  Quite simply, the disclosure was insufficient "because it does not provide a summary of the facts and opinions to which the witnesses are expected to testify."[20]

In the case at hand, plaintiff's FRCP 26(a)(2)(C) Disclosures merely contain the most general and generic statements that certain treating physicians will testify regarding issues such as "medical diagnosis and medical treatment of plaintiff," "the signs and symptoms identified," "the complaints and signs and symptoms of injury" and the like.  The disclosures provide nothing of substance in this regard.  Plaintiff has never provided a disclosure as to a single detail of any doctor's findings, opinions or conclusions beyond those statements contained in their medical records.  Nor has plaintiff disclosed the facts allegedly supporting those opinions or conclusions, whatever they may be.

In sum, neither the records from the  plaintiff's treating physicians nor the plaintiff's expert disclosures provide a summary of any physician's opinions, or the alleged facts supporting those opinions.  The disclosures provided by plaintiff in this regard are the most generic and non-specific statements possible.  The disclosures are in no way an "abstract, abridgement or compendium" of the expert opinions held by these physicians or the facts allegedly supporting those opinions.  In *Rea v. Wisconsin Coach Lines, Inc., supra*, the neurosurgeon disclosed that he was recommending surgery, and the court still concluded that his disclosure was insufficient because it failed to provide whatever facts or data supported the doctor's opinion in that regard.  In *Hooks, supra,* plaintiffs provided no information as to what the two physicians intended to testify other than "about facts, data and symptoms they observed

---

[19] *Id.* at p. 8.
[20] *Id.*

in their patients during treatment" and thus the court prohibited those doctors from presenting evidence at a motion, hearing or trial of that matter.

In the case at hand, plaintiff's disclosure of 16 medical providers who will merely testify as to matters such as "medical diagnosis and medical treatment," "the signs and symptoms identified," and "the complaints and signs and symptoms of injury" are clearly insufficient FRCP(26)(a)(2)(C) Disclosures. Those disclosures undoubtedly fail to provide defendants with the necessary details on whatever opinions those physicians may offer at the time of trial or the alleged factual support for those opinions. Accordingly, plaintiff's physicians should not be allowed to testify as to their opinions on issues such as future medical treatment and prognosis. While they can testify regarding the factual information contained in their records, they should be precluded from testifying as to matters beyond that factual information.

Plaintiff's primary injuries are to his left elbow/arm, left knee and left hip. Doctor Christopher Sugalski, an orthopedic surgeon, has provided plaintiff's treatment in this regard. Defendants have been provided Dr. Sugalski's treatment records through July 2021. Those records contain no mention of any prognosis or future treatment recommendations to the left elbow/arm or left knee. Those records, and specifically the records from a June 16, 2021 visit, do contain a recommendation for a total hip replacement along with an indication from the doctor that plaintiff will likely need "a revision or multiple at some time in his life."[21] The record from this visit obviously does not include Dr. Sugalski's opinion as to whether he believes plaintiff will need a single revision surgery or more than one revision surgery. Yet, plaintiff has produced a lifecare plan report from Kasey Crawford indicating that she had a telephone conference with Dr. Sugalski on February 23, 2022 wherein he provided information going far

---

[21] See a redacted copy of relevant pages of Dr. Sugalski's records regarding plaintiff's visit on June 16, 2021 attached as Exhibit "B."

beyond the information contained in his records.[22]   On page 10 of Crawford's report, she references the telephone conference with Dr. Sugalski and states, for instance, that the doctor believes plaintiff's left forearm is "permanently disabled as he has nerve deficiencies and scarring that restricts his ability to engage in fine motor skills."   She references the doctor's opinions as to plaintiff's left knee that has allegedly "developed into permanent cartilage damage that will leave him with ongoing knee pain for the remainder of his life" and that he "will be at a high risk for early onset arthritis that will ultimately require a total knee replacement."   As to his left hip, Dr. Sugalski apparently advised Crawford verbally that plaintiff "is considered permanently disabled and limited in his ability to engage in any prolonged positions" and that "due to [plaintiff's] young age, and the longevity of hip replacement hardware, he will require at least two additional hip revision/replacement surgeries over his life expectancy."[23]   Quite simply, plaintiff has never provided a disclosure indicating that Dr. Sugalski believes plaintiff's arm is "permanently disabled" due to alleged nerve deficiencies and scarring that impact his fine motor skills.   Plaintiff has never produced a disclosure indicating that Dr. Sugalski will testify that plaintiff's left knee has "permanent cartilage damage" that will produce "ongoing knee pain for the remainder of his life" such that he will "ultimately require a total knee replacement."   Nor has plaintiff ever produced a disclosure indicating that Dr. Sugalski will testify that plaintiff is "permanently disabled" in regard to his left hip and "limited in his ability to engage in any prolong positions" such that "he will require at least two additional revisions/replacement surgeries over his life expectancy."   These opinions and conclusions of Dr. Sugalski were never disclosed by plaintiff as required by FRCP 26.   Rather, defendants had to dig these conclusions out of Kasey Crawford's expert report.

---

[22] See the lifecare plan report issued by Kasey Crawford attached as Exhibit "C."
[23] Id. and specifically at page 10 of Kasey Crawford's lifecare plan report.

Defendants may schedule the deposition of Dr. Sugalski or other medical provider of plaintiff solely because they need to protect their interests in the event this Motion in Limine is denied.  However, such a deposition will not resolve the issues that already exist.  First, deficient disclosures cannot be cured by a subsequent deposition of the expert even if the expert articulates his opinions at that time.[24]  This is the proper result because "if the Court were to permit an expert who submits a deficient report to cure the deficiencies in his deposition, the disclosure requirements of Rule 26 would be rendered meaningless."[25]  Second, the deposition of Dr. Sugalski or any other provider should not be used as a means for plaintiff to skirt his disclosure obligations at defendants' substantial expense.  If the Motion in Limine is denied, defendants will be forced to pay these doctors several thousands of dollars to depose them in order to obtain information regarding their opinions and the facts supporting those opinions which plaintiff failed to disclose.  Defendants might not need to depose these physicians if they were provided complete, full, timely and legitimate disclosures as to the doctors' opinions and the facts supporting those opinions.  Defendants should not have to pay these physicians thousands of dollars to find out those opinions, or that the doctors have no opinions in that regard.

No justification exists for plaintiff's failure to make the proper expert disclosures.  The only just result is to preclude plaintiff's physicians from testifying as to anything not made part of their medical records, including but not limited to their prognosis and future medical treatment opinions.

---

[24] *Williams v. State,* 2015 WL 5438596 (M.D.La. 2015) at p. 4, citing *Shephard v. GeoVera Specialty Ins. Serves., Inc.*, 2015 WL 1040452 (E.D.La. 2015) at p. 2.
[25] *Id.*

**Conclusion**

In conclusion, plaintiff's treating physicians should be precluded from offering any testimony or evidence beyond the factual findings mentioned in their records.  This prohibition should include, but not be limited to, their recommendations for plaintiff's future treatment or prognosis.  While the physicians' reports and plaintiff's disclosures in this regard may provide the most general and generic information possible in these areas, neither the records nor the plaintiff's disclosures provide the requisite summary of the doctors' opinions and facts which support whatever opinions they intend to offer.

Respectfully submitted,

*/s/ Dean M. Arruebarrena*
Dean M. Arruebarrena - #24283
Email:  darruebarrena@leakeandersson.com
Michael B. Guerry - #37145
E-mail: mguerry@leakeandersson.com
**LEAKE & ANDERSSON, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel:  504/585-7500
Fax:  504/585-7775
**ATTORNEYS FOR DEFENDANTS
SERCO INC. , JOHN TEDDER-HAIRFIELD
AND   ACE   AMERICAN   INSURANCE
COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record through the CM/ECF system on March 28, 2022.

*/s/Dean M. Arruebarrena*
DEAN M. ARRUEBARRENA
