IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AKEM HOLDEN | * | |
| | * | |
| *Plaintiff,* | * | CIVIL ACTION NO.: 21-cv-01661 |
| | * | |
| v. | * | DISTRICT JUDGE: WENDY B. |
| | * | VITTER |
| SERCO INC., JOHN C. | * | |
| TEDDERHIMFIELD AND ACE | * | MAGISTRATE JUDGE: DONNA |
| AMERICAN INSURANCE COMPANY | * | PHILLPS CURRAULT |
| | * | |
| *Defendants*. | * | JURY DEMANDED |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S REPLY IN SUPPORT OF
PARTIAL MOTION FOR SUMMARY JUDGMENT ON MEDICAL CAUSATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff moved for partial summary judgment on the issue of medical causation related to his injuries—in other words, he asks this Court to determine that his injuries were caused by the crash at issue. Defendants attempt to style Plaintiff's position as one built on his "self-serving statement that the diagnoses and treatment are related to the accident" alone. Nothing could be further from the truth.

In fact, Mr. Holden submitted medical records linking his injuries to the motor vehicle accident at issue—including, for example, a pre- and post-operative diagnosis of "[m]otor vehicle crash, polytrauma" (R. Doc. 48-8, pp. 1-2) and his treating doctor's statement that his injuries were sustained in (i.e., caused by) the motor vehicle collision ("The patient is a 30 y.o. male who sustained multiple injuries in a high speed MVC." (R. Doc. 48-8, p.14).

1

What's more, although Defendants attempt to muddy the causation waters by trying to relate his hip pain the prior accident, this statement is contradicted by their own medical expert. **In fact, Dr. Lance Estrada specifically stated: "In summary, I believe the patient's elbow and arm injuries and subsequent treatment, as well as his left hip and left knee injuries and conditions were caused by the accident at issue."** (R. Doc. 48-9, p. 2) (emphasis added). As Defendants themselves point out, whether Mr. Holden's injuries were related to the prior accident or not "are precisely the types of questions that can only be explains by physician testimony." R. Doc. 54, p. 6. Yet, in this case, both their own expert, Mr. Holden's testimony, and Mr. Holden's treating physicians all agree that his injuries were caused by this crash. Defendants' self-serving speculation about causation and questions regarding causation/exacerbation have no place in this summary judgment proceeding, because based on their own' physician's report, they do not have any physician testimony to support their speculation.

Finally, Plaintiff agrees with Defendants that there are disputes of material fact about his required future medical treatment, since Dr. Estrada's report diverges from the recommendations of Plaintiff's treating physicians. But Plaintiff's Motion specifically requests that this Court determine only two issues on summary judgment (1) Plaintiff's injuries were caused by the crash at issue and (2) the treatment Plaintiff for these injuries was necessitated by the crash. ("…Mr. Holden asks this Court to grant this partial motion for summary judgment on medical causation and hold that his injuries and the resulting treatment he has had were caused by the January 7, 2020 accident.") (R. Doc. 48, p. 1). Plaintiff *does not* ask this Court to resolve the issue of *future* medical needs on summary judgment. Thus, to the extent Defendants argue that judgment as to medical causation regarding future needs is in dispute, that argument is a red herring. Mr. Holden does not seek relief as to that issue in his Partial Motion for Summary Judgment.

Instead, Mr. Holden asks for narrower relief—he asks this Court to find that his injuries were caused by the accident at issue and that his treatment so far has been necessitated by those injuries (and the accident).

For all these reasons, in addition to those set forth in Plaintiff's original Partial Motion for Summary Judgment on Medical Causation and the accompanying Memorandum in Support, Plaintiff requests that this Court grant his motion in full.

        Respectfully submitted,

**BAER LAW, LLC**

BY:   */s/ Jason M. Baer*
     **JASON M. BAER (#31609)**
     **CASEY C. DEREUS (#37096)**
     **JOSHUA A. STEIN (#37885)**
     3000 Kingman St., Suite 200
     Metairie, LA 70006
     Telephone: (504) 372-0111
     Facsimile: (504) 372-0151
     Email: jbaer@baerlawllc.com
           cdereus@baerlawllc.com
           jstein@baerlawllc.com

AND

**THE KING FIRM, LLC**
**BRIAN KING (#24817)**
**JASON GILES (#29211)**
**JOHN LOVE NORRIS, IV (#35269)**
2912 Canal St.
New Orleans, LA 70119
Phone: (504) 909-5464
Facsimile: (800) 901-6470
Email: bking@kinginjuryfirm.com
       jgiles@kinginjuryfirm.com
       jnorris@kinginjuryfirm.com

*CERTIFICATE OF SERVICE ON FOLLOWING PAGE*

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel for all parties via CM/ECF Filer System, on this 27th day of May, 2022.

<u>   /s/ Jason M. Baer   </u>